# Charles Donnelly et al. *v.* Margaret J. Rafferty and Rose Ann Rafferty, Appellants.

*Deeds—Execution by several parties—Condition of signing.*

The rule that a grantor cannot set up any intent or condition different from that appearing on the face of the deed unless declared at the time of execution, does not apply to a case where several parties are to join in a deed and it is an essential part of the agreement that all should join, and the consideration for the conveyance is single so that without the joint action of all the consideration will fail as to each.

*Deed—Delivery—Several grantors.*

Where several parties agree to join in a deed, and the deed as prepared calls for execution by the several parties for a single consideration which will not be effectual to any unless all join, there is no presumption that the deed is to be delivered in its incomplete state after only one party has signed.

The devisees in remainder under the will agreed to execute a quit claim deed of their interests to the life tenants. A deed was prepared calling for execution by all the parties, and it was understood and agreed by all that it should not be operative unless executed by all. One of the remaindermen refused to sign. A second after signing drew his pen through his signature. A third at signing said he would not be bound unless all signed. One of the life tenants stated that she would contest the will unless all the remaindermen signed. Nothing further was done with this deed. About ten days afterwards a second deed was prepared which also failed of its object and was never delivered. *Held,* (1) that the failure to obtain all of the signatures rendered the first deed inoperative as to those who had signed it; (2) that the fact that the deed was handed to counsel for the grantees did not constitute a delivery; (3) that the first deed was abandoned before delivery; (4) that the fact of the failure of the second deed could not revive the first deed which was functus officio.

In the above case one of the parties who signed the first deed was not a party either complainant or defendant to the bill in equity filed to cancel the deed, nor did she take any part in the litigation. *Held* that it was not necessary that she should be a party, in as much as the result of the litigation did not affect her. If she chose to let the deed stand as a voluntary conveyance of her estate, the rights of the other parties were in no way affected by such action on her part.

Argued Oct. 28, 1895. Appeal, No. 84, October Term, 1895, by defendants, from decree of C. P. No. 1, Allegheny County, March T., 1893, No. 561, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity to cancel a deed.

The case was referred to James Cook, Esq., as master, who reported the facts to be as follows:

1. That James Rafferty died January 30, 1890, unmarried, without issue, and seized in his own right of the properties described in these proceedings, leaving to survive him, two full sisters, Margaret Jane and Rose Ann Rafferty, one half-sister, Mary Rafferty, one half-brother, Bernard Rafferty, and amongst others, half-nephew, Gilbert T. Rafferty, and half-nieces, Roselia Rafferty Donnelly, Annie Rafferty Willard, Alice Rafferty and Nellie Mowry, the parties named in this suit.

2. The decedent left his last will and testament, of date November 12, 1889, and codicil thereto, dated December 5, 1889.

3. That under the will proper, Margaret Jane and Rose Ann Rafferty had a life interest in the property of decedent, and under the codicil, had power to sell certain of the real estate, if they should deem it necessary for their support, or to meet an emergency.

The remainder was devised over to Nellie Mowry and the children of Bernard Rafferty, named in the will.

4. That Margaret Jane and Rose Ann Rafferty were dissatisfied with the testator's division of his property, and solicited and secured an interview with Bernard Rafferty and Charles Donnelly at their home, on February 2, 1890, relative to the will of their brother, and at this meeting an arrangement was made or an agreement entered into between them, in so far as the parties to it could arrange or agree, that the devisees in remainder would release and quit-claim their interest to the sisters.

5. That said Margaret Jane and Rose Ann Rafferty sought and secured the counsel and assistance of Bernard Rafferty in the preparation of the deed or deeds of release, and in this respect and for this purpose alone, he was their special agent as well as the representative of his own children.

6. That John M. Rourke, Esq., was employed for a specific purpose, and the testimony does not indicate that he had any power except to take the acknowledgments and return the deed or deeds until the final consummation of the agreement of date February 2, 1890.

7. That James T. Buchanan, Esq., was the counsel for Mar-

garet Jane and Rose Ann Rafferty, and as such, had charge of the preparation of the papers and transmitting of the deed or deeds until the final consummation of the agreement of date February 2, 1890.

8. That James Rafferty was not influenced in any manner in making his last will and testament by the devisees in remainder, or any of them, nor was said will procured by fraud practiced or undue influence exercised upon him by said Gilbert T. Rafferty, at or prior to the making of said will.

9. That the deed of February 6, 1890, was not delivered, but returned to James T. Buchanan, Esq., who wrote it, by the notary he employed to take the acknowledgments, signed and acknowledged by certain of the grantors.

That said James T. Buchanan, Esq., the testimony would indicate, prepared the deed of February 17, 1890, instead of, and to take the place of deed of date February 6, 1890, which deed was afterwards signed and acknowledged by some of the grantors, but never delivered.

10. That the deed of February 20, 1890, was never signed, acknowledged or delivered.

11. The master is of opinion, and in his judgment finds as a fact, that these deeds constitute a series of attempts at carrying out the arrangement or agreement between the parties, commencing February 2, 1890.

12. The master is unable to find from the testimony that there was a conspiracy on the part of Bernard Rafferty and his children, or on the part of the grantees named in the deeds, to deceive or perpetrate a fraud, but would find as a fact, that there seems to have been a mutual attempt on the part of all to right an imaginary wrong in exchanging quit-claim deeds, which in the end failed.

13. The deeds written for devisees in remainder to execute to the grantees named therein indicate that all the devisees were to join in the conveyance. The testimony in the case, on the part of the grantors and grantees therein, is in perfect accord with the deeds as written, and the master finds as a fact that the arrangement or agreement entered into between Bernard Rafferty and Charles Donnelly and the grantees named in the deeds of date February 2, 1890, and acted on later, was in effect that all the devisees in remainder were to join in the

conveyance for the purpose of vesting in Margaret Jane and Rose Ann Rafferty the entire fee.

14. That the will of James Rafferty was duly probated November 8, 1890.

The master recommended a decree that the deed of February 6, 1890, should be canceled.

Exceptions to the master's report were dismissed by the court, and a decree entered canceling the deed.

*Error assigned* was above decree.

*W. H. Tomlinson* and *Charles E. Hogg, F. C. McGirr* with them, for appellants.—There was a delivery of the deed of February 6, 1890 : 2 Story's Equity Jurisprudence, sec. 1528; Rowley's App., 115 Pa. 150 ; Campbell v. Patterson, 95 Pa. 447 ; Nulton's App., 103 Pa. 286 ; Hartley's App., 103 Pa. 23 ; Cavenaugh v. Buehler, 120 Pa. 441 ; Butrick v. Tilton, 141 Mass. 93 ; Games v. Dunn, 14 Pet. 322 ; Hanrick v. Neely, 10 Wall. 364 ; Sicard v. Davis, 6 Pet. 124 ; Kille v. Ege, 79 Pa. 15.

No formality is essential to the valid delivery of a deed, but the question is determined by the intention of the parties : Ruckman v. Ruckman, 32 N. J. Eq. 250 ; Dukes v. Spangler, 35 Ohio, 119 ; Dayton v. Newman, 19 Pa. 194 ; Rigler v. Cloud, 14 Pa. 361 ; Read v. Robinson, 6 W. & S. 329 ; Duraind's App., 116 Pa. 93 ; Galbraith v. Zimmerman, 100 Pa. 374 ; Baum's App., 113 Pa. 58 ; 3 Washburn on Real Property, 296 ; Jamison v. Craven, 4 Del. Ch. 311 ; Blight v. Schenck, 10 Pa. 285, Miller v. Fletcher, 27 Grat. 403 ; Simon's Est., 4 Wall. 445.

The evidence does not authorize the finding of the fact that this deed was executed conditionally and not to be operative until all the devisees in remainder under the will of James Rafferty, deceased, had signed it or a similar deed : Stinger v. Com., 26 Pa. 422.

The consideration of the deeds in question was sufficient : Martindale on Conveyancing, sec. 77 ; 3 Washburn Real Property, 4th ed. 359 ; Ocheltree v. McClung, 7 W. Va. 232.

If it be a fact that defendants hoped or expected to get the signatures of all the grantors named in the deed, or that the several grantors expected that all named in the deed would sign it, it does not affect the validity of the deed as to those

who did sign it : Whittaker v. Richards, 134 Pa. 191 ; Mattoon
v. Barnes, 112 Mass. 463 ; Butrick v. Tilton, 141 Mass. 93 ;
Harrelson v. Sarvis, 39 S. C. 14 ; Scott v. Whipple, 5 M. 336 ;
Cotton v. Seavey, 22 Cal. 496 ; Tustin v. Faught, 23 Cal. 237 ;
Jackson v. Stanford, 19 Ga. 14.

To decree an instrument to be delivered up to be canceled
is matter in the sound discretion of the court, and the power
cannot be exercised except in a very clear case : Stewart's App.,
78 Pa. 88 ; Lynch's App., 97 Pa. 349 ; Stephen's App., 87 Pa.
202 ; Geddes' App., 80 Pa. 442 ; Stine v. Sherk, 1 W. & S.
195 ; Shettinger v. Happle, 3 Grant, 54 ; Graham v. Pancrast,
30 Pa. 89 ; Nace v. Boyer, 30 Pa. 99.

The court was without power to render a final decree in this
cause in the absence of proper parties : Rexroad v. McQuain,
23 W. Va. 32.

*C. C. Brock* and *James H. Reed, P. C. Knox* and *F. P. Iams*
with them for appellees.—When the evidence is conflicting and
the credibility of witnesses is involved, a master's finding upon
a question of fact is entitled to the same consideration as the
verdict of a jury, and will not be set aside unless it be clearly
and palpably against the weight of the evidence : Bedell's App.,
87 Pa. 510 ; Lewis's App., 127 Pa. 127 ; Bank v. Supply Co.,
150 Pa. 36 ; McConomy v. Reed, 152 Pa. 42 ; Warner v. Hare,
154 Pa. 548 ; Potter's App., 158 Pa. 292 ; Brotherton v. Rey-
nolds, 164 Pa. 134 ; Ry. Co. v. Ry. Co., 164 Pa. 274.

The rule that a court of equity will not lend any assistance
towards perfecting, nor take any notice of a mere voluntary
contract whilst it remains in fieri, stands unimpeached : Cole-
man v. Sarrel, 1 Ves. Jr., 50 ; Willan v. Willan, 16 Ves. 82 ;
Antrus v. Smith, 12 Ves. 46.

Where a deed is delivered to the grantees named, the law
presumes that it was done with an intent on the part of the
grantors to make it their effectual deed ; but if it is delivered
to a stranger, and nothing is said at the time, no such inference
is drawn from the act of delivery : Shep. Touch. Prest. ed. 58 ;
Church v. Gilman, 15 Wend. 656 ; Washburn on Real Prop-
erty, 3, 295 ; Black v. Shiree, 13 N. J. Eq. 456.

We think the following authorities govern this case : Parker
v. Parker, 1 Gray, 409 ; Devlin on Deed, sec. 277 ; People v.
Bostwick, 32 N. Y. 445 ; Hicks v. Goode, 12 Lehigh, 497.

OPINION BY MR. JUSTICE MITCHELL, January 6, 1896 :

Notwithstanding the numerous assignments of error and the earnest and exhaustive argument of appellant's counsel upon them, this case depends wholly on the correctness of the master's finding of fact that the deed of February 6, was to be executed by all the devisees in remainder under James Rafferty's will before it should become operative as to any, and that neither it nor the later deed of February 17, was ever delivered. An examination of the evidence satisfies us that the master's finding was correct, and that no other conclusion could be sustained.

James Rafferty devised all his estate to his two sisters, the appellants, for life, with remainders to certain nieces and a nephew in fee. He was of sound mind as found by the master, and had the unquestionable right to do as he pleased with his own. But the appellants chose to be dissatisfied and threatened to contest the will. There was no ground for a contest as even their own counsel advised them, but nevertheless they proceeded to use the threat of one as a club to extort a release from the remainder men of the estates that the testator had given them. This was so far successful that the deed now in controversy was prepared, and was executed by some of the parties. It was a voluntary conveyance of an undoubted legal estate, for which there was no consideration even suggested, except the avoidance of a family quarrel and perhaps scandal, by a contest over the will. This consequence would be just as certain and just as disagreeable if made against one remainder man as against all, and Rose Ann Rafferty, one of the appellants, testified distinctly that she did not intend to relinquish the contest unless all should give up their shares. The circumstances therefore raise a strong presumption that as a family arrangement all were to join in it or it would fall through, for unless all joined, the whole object would be lost, and the whole consideration to the remainder men would fail. That the actual agreement of the parties was in accordance with the presumption we have the positive testimony of Charles Donnelly, one of the four persons present at the Sunday afternoon meeting at which the arrangement was started, and the equally significant testimony of Rose Ann Rafferty, already quoted. The testimony of Alice Donnelly, and of Gilbert Rafferty and his

wife is to the same effect. In accordance with this intent, the appellants and Bernard Rafferty, father of the complainants and acting for them, went to counsel, and under their direction he prepared two deeds, one for the remainder men in Allegheny county to sign and the other for those residing elsewhere, thus including all as grantors. Some of the parties refused to sign these deeds, and the later deed of February 17 was then prepared by the same counsel, with a view to obviate certain specified objections. This deed also named all the remainder men as grantors. All the acts of the parties thus concur in pointing to a joint conveyance by all the parties in remainder. Against this convincing evidence there is no testimony except that of the appellants and Nelly Mowry that no such condition was made by them or in their presence.

The counsel for appellants who have presented everything that learning and diligence could suggest, rely on the legal principle that a grantor cannot set up any intent or condition different from that appearing on the face of the deed unless declared at the time of execution, citing Blight v. Schenck, 10 Pa. 285, and Stinger v. Com., 26 Pa. 422. But the difference is obvious. Those were cases of complete deeds to whose effectiveness nothing was wanting but delivery, and a delivery made by the grantor to a third person for the grantee.

It is further argued for appellants that a mere expectation by the plaintiffs that the other remainder men would join in the deed, would not deprive it of its force as a conveyance by those who did sign, and many cases are cited to this effect. This may be freely conceded, but as already said the evidence here is convincing that it was not a mere expectation but an essential part of the agreement that all should join. Though the estates of the grantors were several, the consideration for their conveyance was single, and without the joint action of all the consideration would fail as to each.

There remains the question of delivery. Although the consideration for the conveyance under the family agreement, would not pass until all joined in the deed, yet any of the grantors might waive that requisite as to himself and make an effectual delivery of what would then become a voluntary conveyance. The evidence and the circumstances however do not sustain such construction of the action of complainants. The

deed of February 6, called for four principal grantors, besides the wife of one and the husband of another; the cotemporary deed called for the fifth grantor, Mrs. Willard and her husband, who lived in Chicago. The family arrangement was made by Charles Donnelly on behalf of his wife, and Bernard Rafferty on behalf of his children, and it does not appear that at any time there was a general meeting of all the parties. Those who came into the agreement did so by acquiescence in what Donnelly and Bernard Rafferty had done in their behalf. It is manifest therefore that the execution of the deeds was not to be the simultaneous act of the parties assembled for that purpose, but that each was to execute it separately though in accordance with the general agreement, and this was the course that was actually pursued. The deed was given by the counsel who prepared it, to a notary, who obtained the signatures and acknowledgments of the complainants, and then returned it to the counsel from whom he had received it. So far there is an entire absence of evidence of the intent of any of the parties signing to dispense with the requirements of the agreement, and there is certainly no presumption that an instrument calling for execution by several parties, for a single consideration which will not be effectual to any unless all join, is meant to be delivered in its incomplete state when only partly signed. Delivery is the transfer of possession with intent to pass title. Here as already said the evidence fails to show any such intent. The principle is so elementary as not to need the citation of authority, but reference may be made to Overman v. Kerr, 17 Iowa, 485, as an instructive case on very analogous facts.

But there is still another reason why the deed of February 6 cannot be considered as operative, and that is the practically undisputed evidence in regard to the preparation of the deed of February 17. The former had failed of its purpose and was an incomplete instrument. Alice Rafferty had refused to sign. Gilbert had drawn his pen through his signature, Mrs. Willard had not signed the cotemporary deed which was to be part of the same transaction, Charles Donnelly had stated explicitly that he and his wife would not be bound unless all signed, and Rose Ann Rafferty had said with equal positiveness that she would not give up her threatened contest of the will unless

she and her sister got all the shares. The deed was therefore not only incomplete on its face, but had utterly failed of its purpose, and the whole arrangement was in danger of falling through. But Bernard Rafferty was still desirous that his children should all agree to what he had done on their behalf, and he thought that with certain changes they, particularly Alice, would do so. He accordingly proposed to Mr. Buchanan, the attorney who had drawn the deed, to make a new one, but Buchanan refused until he had consulted appellants. He did so; under his advice they agreed, and he then prepared the deed of February 17, which as he testifies included all the parties in remainder. The result of the evidence on this point, which is uncontradicted in any way, leads irresistibly to the conclusion reached by the learned master that the deed of February 6 was abandoned before delivery, as an abortive effort to carry out the family arrangement, and the deed of February 17 by consent of all parties, put in its place in the hope of its being more successful. The fact that it also failed of its object and was never delivered could not revive the prior deed which was functus officio.

Objection is made by appellant that Nellie Mowry is not a party either complainant or respondent to the bill. It is not necessary that she should be. She was a devisee in remainder and one of the grantors who signed the deed of February 6, but has taken no part in the litigation. The result of it will not affect her in any way, and if she chooses to let the deed stand as a voluntary conveyance of her estate, the rights of the other parties are in no wise affected by such action on her part.

Decree affirmed at the cost of appellants.