## Cook v. Sefton et ux.

*Equity—Equity practice—Parties—Death of one of the parties plaintiff—Amendment—Demurrer—Equity Rule 27.*

1. If a bill in equity disclose that there are persons not named as parties who would be affected by the decree sought to be entered in the case, their not being brought in may be objected to by demurrer; but when want of necessary parties does not appear upon the bill, the proper course is for the defendant, if he claims that there are any such persons, to aver this by his answer as specified in Equity Rule 27.

2. Where a bill filed by husband and wife, for the purpose of having a deed alleged to have been fraudulently procured from them set aside, avers legal title in the husband in fee to the property involved, and the wife dies after the institution of the suit, the bill is not demurrable because an amendment thereto, filed after her death, does not state whether her rights have passed to some other person or persons who should be made parties; for, on the face of the bill (title being averred in the husband), the only interest which the wife had in her lifetime (her prospective right of dower should she survive her husband), on the basis of which she was named as a party, was an interest which died with herself; so that (upon the facts stated in the bill) the legal effect of her death is that she and her prospective interest simply drop out of the case, leaving the husband as the only person whose right to redress is before the court or involved in the bill.

Demurrer to bill in equity. C. P. Washington Co., No. 2873, in Equity.

*E. E. Crumrine, C. L. V. Acheson* and *J. P. Patterson,* for plaintiff.

*R. W. Knox* and *McIlvaine, Williams & McCreight,* for defendants.

BROWNSON, P. J., Jan. 28, 1924.—The original bill very distinctly avers that John H. Cook was the holder of the legal title to the property involved, and its owner in fee simple, on May 10, 1921, when the deed sought to be set aside is alleged to have been fraudulently procured by the defendants from him and his wife. The plaintiffs named in that bill were John H. Cook and Nina M. Cook, his wife. The wife was a proper party, because it was alleged that she was fraudulently persuaded to join in that deed, and the deed would, if not set aside, operate as a bar to her prospective right of dower, should she survive her husband. It now appears by the second amendment of the bill that she died since this suit was commenced, and the demurrer that is before us objects that this amendment does not state whether her rights have passed to some other person or persons who should be made parties and does not state who the necessary parties now are.

The hand of death removed Mrs. Cook from the case as one of the parties plaintiff, and thereafter the only plaintiff standing upon the record was John

H. Cook, who was and is complaining that he has been deprived of rights personal to himself by fraud practiced upon him. Upon the face of the bill, the only interest which Mrs. Cook had in her lifetime, on the basis of which she was named as a party, was an interest which died with herself. Upon the facts stated in the bill, the legal effect of her death is that she and her prospective interest above mentioned simply drop out of the case, and the only party whose right to redress is now before the court, or now involved in the bill, is John H. Cook. He has an unquestionable right to prosecute such a bill without naming as parties any persons who would not be affected by the decree to be entered in the case: Donnelly v. Rafferty, 172 Pa. 587, 595. If the bill should disclose that there are persons who would so be affected, their not being brought in might be objected to by demurrer; but when want of necessary parties does not appear upon the bill, the proper course would appear to be for the defendants, if they claim that there are any such persons, to aver this by their answer as specified in Equity Rule 27. If the facts be truly stated in the bill as amended, it is clear that the only persons now interested to be affected by the decree are John H. Cook and the defendants, and we think Mr. Cook is entitled to have his bill now answered.

And now, Jan. 28, 1924, after argument and consideration, the demurrer filed by the defendants on Dec. 26, 1923, is overruled and dismissed, and it is ordered that the defendants file their answer to the bill within fifteen days from this date.

From Harry D. Hamilton, Washington, Pa.